*Filed In Open Court 11/22/2005*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Case No. 05-81-KAJ |
| LEWIS THURSTON<br>aka Louis Dyson, | : |
| Defendant. | : |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Leonard P. Stark, Assistant United States Attorney, and Eleni Kousoulis, Esquire, attorney for the defendant, the following agreement is hereby entered into by the respective parties:

1.    The defendant agrees to plead guilty to Count II of the Indictment in the above-captioned case. Count II of the Indictment charges the defendant with unlawful transfer of a means of identification with the intent to aid and abet unlawful activity that constitutes a felony violation of federal law, all in violation of Title 18, United States Code, Sections 1028(a)(7) and (b)(1)(A) & (D). The essential elements of the offense, each of which the government would have to prove beyond a reasonable doubt at trial, are: (i) the defendant knowingly transferred or used, without lawful authority, a means of identification of another person; and (ii) the defendant intended to commit or to aid or abet any unlawful activity that constituted a violation of federal law or constituted a felony under applicable state or local law. The maximum penalties for Count II are fifteen years imprisonment, a $250,000 fine, three years of supervised release following any term of imprisonment, and a $100 special assessment.

2. The defendant knowingly, voluntarily, and intelligently admits that on or about August 5, 2005, in the District of Delaware, he knowingly transferred and used without lawful authority a means of identification of another person, to wit, a State of Delaware birth certificate and a social security card for an individual with initials "D.D.P.," with the intent to aid and abet unlawful activity that constitutes a felony violation of federal law, to wit, Title 18, United States Code, Section 1542, which prohibits the willful and knowing making of any false statement in an application for a passport with intent to induce or secure the issuance of a passport under the authority of the United States, and as a result of this offense, the defendant obtained more than $1,000 in a one year period.

3. If the Defendant's offense level is 16 or greater, the United States will recommend a three-level reduction in the offense level for the Defendant's affirmative acceptance of responsibility under Sentencing Guideline § 3E1.1. If the Defendant's offense level is less than 16, the United States will recommend a two-level reduction in the offense level for the Defendant's affirmative acceptance of responsibility under Sentencing Guideline § 3E1.1.

4. The Defendant understands that at sentencing the district court must consult the United States Sentencing Guidelines ("U.S.S.G.") and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). See United States v. Booker, 2005 WL 50108 (Jan. 12, 2005).

5. At or about the time of sentencing, the government will move to dismiss Counts I and III of the Indictment.

6. The Defendant agrees to pay any special assessment or fine at the time of sentencing.

7. If the Court sentences the defendant to a term of incarceration and orders the payment of any special assessment or fine as part of the defendant's sentence, the defendant agrees voluntarily to enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

8. The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing court's rulings at any subsequent proceedings, including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. However, if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the defendant does not receive the benefits he expects from any such stipulation or recommendation, the defendant may not withdraw his guilty plea.

9. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this memorandum may be modified only in a written agreement executed by all the undersigned parties; and that any and all promises, representations, and statements made prior to or after this

Memorandum are null and void and have no effect whatsoever.

|  |  |
|---|---|
| | COLM F. CONNOLLY<br>United States Attorney |
| _Eleni Kousoulis_  BY: | _Leonard P. Stark_ |
| Eleni Kousoulis, Esquire<br>Attorney for Defendant,<br>Lewis Thurston | Leonard P. Stark<br>Assistant United States Attorney |

_Lewis_
Lewis Thurston
Defendant

Dated: 11-22-05

**AND NOW** this 22nd day of November, 2005, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.

_Kent Jordan_
Honorable Kent A. Jordan
United States District Court
District of Delaware